UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID COTTO,

        Plaintiff,

            v.                            CAUSE NO. 3:24-CV-921-CCB-SJF

TORI HALCARZ,

        Defendant.

**OPINION AND ORDER**

David Cotto, a prisoner without a lawyer, is proceeding in this case "against Tori Halcarz in her personal capacity for money damages for deliberate indifference to his mental health issues and thoughts of suicide while in Westville Control Unit in violation of the Eighth Amendment." ECF 6 at 10. On March 20, 2025, Halcarz filed a motion for summary judgment, arguing Cotto did not exhaust his available administrative remedies before filing this lawsuit. ECF 34. With the motion, Halcarz provided Cotto the notice required by N.D. Ind. L.R. 56-1(f). ECF 38. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Cotto's deadline to respond until May 30, 2025. ECF 43. This deadline passed over four months ago, but

Cotto still has not responded. Therefore, the court will now rule on Halcarz's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust

remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Halcarz argues Cotto did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance related to his claim that Halcarz was deliberately indifferent to his mental health issues at Westville Correctional Facility ("WCF"). ECF 37 at 5. Specifically, Halcarz provides Cotto's grievance records, a copy of the Offender Grievance Process, and an affidavit from WCF's Grievance Specialist, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at WCF. ECF 35-1 at 1-2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2-3, 7. Cotto knew of the requirements of the Offender Grievance Process, as he was informed and provided information about the grievance process during his intake at WCF and a current copy of the Offender Grievance Process was available to him in the law library. *Id.* at 3. However, Cotto's grievance records show he never submitted any grievance at WCF before filing this lawsuit. *Id.* at 4, 20.

Here, Halcarz has met her burden to show Cotto did not exhaust his available administrative remedies before filing this lawsuit, as it is undisputed Cotto never filed

---

[1] Because Cotto has not responded to Halcarz's summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

any grievance at WCF before he filed this lawsuit. There is no evidence in the record

that Cotto ever submitted or attempted to submit any relevant grievance at WCF, or

that his administrative remedies were in any way unavailable. Therefore, because

Halcarz has met her burden to show Cotto did not exhaust his available administrative

remedies before filing this lawsuit, summary judgment is warranted in her favor.

     For these reasons, the court:

    (1) **GRANTS** Tori Halcarz' motion for summary judgment (ECF 34); and

    (2) **DIRECTS** the clerk to enter judgment in favor of Tori Halcarz and against

        David Cotto and to close this case.

SO ORDERED on October 23, 2025.

          /s/ *Cristal C. Brisco*
          CRISTAL C. BRISCO, JUDGE
          UNITED STATES DISTRICT COURT